IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STACY L. MESSICK, ET AL.          *
                                            *
                                            *
v.                                *     Civil No. – JFM-15-509
                                            *
BOARD OF EDUCATION OF WICOMICO    *
COUNTY, ET AL.                    *
                                         ******

**MEMORANDUM**

Stacy Messick and Stephanie Moses have brought this action against the Wicomico County Board of Education. Plaintiffs claim that they were discharged in retaliation for having exercised their rights under Title VII. Defendant has filed a motion to dismiss. The motion will be granted.

The events giving rise to plaintiffs' claim occurred many years ago, and the case has a long history. Plaintiffs filed an action in this court arising out of the alleged discrimination against them.[1] Judge Russell granted a motion to dismiss as to certain of the claims asserted in the federal action and summary judgment as to the claims against the Board. Plaintiff also filed a defamation action against David White in the Circuit Court for Wicomico County in connection with their discharge. Plaintiffs lost the defamation action.

The Board first argues that plaintiffs' retaliatory discharge claim is barred by the doctrine of *res judicata*. In light of the rulings made by Judge Russell, at first blush this appears to be an open and shut case for a finding that *res judicata*. There is, however, one complicating fact. The

---

[1] Plaintiffs also filed administrative appeals of their terminations pursuant to Md. Code Ann. Ed. Art. §402. A three-day hearing, at which plaintiffs were represented by counsel, was heard by an independent hearing examiner. The hearing examiner's decision was adverse to plaintiffs, and the decision was affirmed on appeal.

1

EEOC treated the retaliatory discharge claim separately, referring it to the United States Department of Justice pursuant to 29 C.F.R. §1601.28(d). The Department of Justice did not issue its right-to-sue letters requesting the retaliatory discharge until after the federal law suit before Judge Russell was filed, but the letters were issued while the suit was still pending.

Despite this complication, I find that plaintiffs' retaliatory discharge claims are barred by the doctrine of *res judicata*. Plaintiffs filed a motion for continuance in the first federal law suit after the right to sue letters were issued. Judge Russell denied the motion. If plaintiffs believed that Judge Russell had erred in denying their motion for continuance, the remedy was to appeal the ruling, not to file a second law suit. Moreover, under Fourth Circuit law, plaintiffs could have asserted a claim for retaliatory discharge in the first federal law suit despite the fact that no right-to-sue letters had been issued in connection with it. *See Jones v. Calvert Group*, 551 F.3d 297 (4th Cir. 2009); *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992). This is particularly clear in this case where plaintiffs had filed claims for retaliatory discrimination in their complaint (other than for retaliatory discharge) to the EEOC.

Even if plaintiffs' claims are not barred by *res judicata*, they cannot be maintained. In the defamation action against White, plaintiffs claim that they were discharged from their employment because plaintiffs had allegedly said derogatory things about John Fredericksen, the Superintendent of schools for Wicomico County. The discharge was an essential element of their defamation claim, not merely an incidental allegation. Thus, plaintiffs have judicially admitted that they were discharged for a reason other than the filing of their Title VII charges. A

court simply cannot permit plaintiffs to assert one thing to establish a claim in one court and then assert something diametrically opposed in pursuing a claim in another court.[2]

A separate order granting defendant's motion and entering judgment on its behalf is being entered herewith.

Date: September 23, 2015

J. Frederick Motz
United States District Judge

---

[2] I also note, in granting the Board's summary judgment motion in the prior federal action, Judge Russell found that the Board had articulated a legitimate, non-discriminatory reason for plaintiffs' discharges: they actively challenged and undermined the authority of the Superintendent. It would seem that this finding is entitled to collateral estoppel effect. Again, if plaintiffs believe that Judge Russell erred, they should have raised the issue on appeal instead of filing a subsequent law suit.